**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAODE NASIRUN,**

      **Petitioner,**

**v.**                                **CASE NO. 8:99-CR-367-T-27MSS**
                                              **8:05-CV-411-T-27MSS**

**UNITES STATES OF AMERICA,**

      **Respondent.**

_____/

**O R D E R**

      BEFORE the Court is Petitioner's Motion for Leave of Court and Stay of Proceedings to Motion Court for Appointment of Counsel, Pursuant to Rule 6(a) of Rules Governing § 2255 Proceedings and Rules 26-37, Fed. R. Civ. P. (CV Dkt. 4). Petitioner requests that the Court enter a discovery order compelling the Government to provide him copies of documents he asserts are related to his conviction and again seeks appointment of counsel to assist him in this matter, *see* CR Dkts. 115; 117; 121.

      Rule 12, Rules Governing Section 2255 Proceedings (2004), provides, in pertinent part, that "[t]he Federal Rules of Civil Procedure. . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See also Heath v. Jones*, 863 F.2d 815. (11th Cir. 1989).

      Rule 6(a), Rules Governing Section 2255 Proceedings (2004), provides that "[a] judge *may*, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving

-1-

party who qualifies to have counsel appointed under 18 U.S.C. § 3006A" (emphasis added).

Petitioner has not demonstrated good cause for his request that the Court compel the Government to provide him copies of the documents he seeks. *See also* Local Rule 3.01(g) (M.D. Fla. 2004). Should the Court find that documents outside the record are necessary to a just resolution of this matter, it will, *sua sponte*, "direct the parties to expand the record by submitting additional materials relating to the motion." Rule 7(a), Rules Governing Section 2255 Proceedings (2004). If, after reviewing the response, relevant transcripts, and records of prior proceedings, the Court determines that an evidentiary hearing is warranted, it will appoint counsel to represent Petitioner if he qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rule 8(a)-(c), Rules Governing Section 2255 Proceedings (2004).

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Leave of Court and Stay of Proceedings to Motion Court for Appointment of Counsel, Pursuant to Rule 6(a) of Rules Governing § 2255 Proceedings and Rules 26-37, Fed. R. Civ. P. **(CV Dkt. 4)** is **DENIED**.

ORDERED in Tampa, Florida, on this 26th day of April, 2005.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to:   All Parties/Counsel of Record
               David P. Rhodes, AUSA